## CHURCHMAN v. PARKE.

On appeal from the Nisi Prius, there being a certificate for defendant, the plaintiff must give security for that amount, and costs.

*April* 29.—ON the trial before Kennedy, J., at Nisi Prius, the jury found for defendants, and certified there was due to them from the plaintiffs $1692 86. A certificate of error was taken, and recognisance in $100 for costs given.

A rule to dismiss the certificate was taken.

*Perkins,* for the rule.—The act of 1842, Pamph. Laws, 431, sect. 6, directs security shall be given; and it was intended to prevent unnecessary appeals. It has been said the oath and the security were equally necessary, Dawson *v.* Ryan, 4 Watts & Serg. 405; and though this be not a part of the judgment, it is to be set aside or affirmed in effect by this proceeding.

*McIlvaine* and *Watts,* contrà.—It has never been the practice to give security for the amount of the certificate on writs of error by plaintiff. It is embraced by no act of Assembly. Under the act of 1705, originating the remedy, it is not a judgment nor even part of the verdict, and so it was decided in Bayne *v.* Gaylord, 3 Watts, 401. The causes are distinct after it is found, and are to be prosecuted separately. When a writ of error is taken on the trial of the sci. fa. we will be bound to give the security, but not before. The act does not compel us, and our right is not to be taken away by implication; that speaks of damages and costs; which are defined, 2 Bl. Com. 438, "That acquired or lost by suit at law, and ascertained by judgment." Jacob. L. Dic. tit. *Damages.* So the recognisance is, that he will pay debt and damages, &c. But this is not damages until final judgment on

sci. fa. No other mode of recovery is allowed but this; whereas the court will give a new one on the recognisance.

In Dawson v. Ryan, it is said the appeal is from the judgment, of which this constitutes no part.

*Meredith,* in reply.—The principle of that case is, that wherever security is required in ordinary cases to constitute a supersedeas, absolute security must be given on these appeals. This certificate is in the nature of a judgment. The intention is, that the bail shall pay the amount found due by the proceeding. But it is said he will do this on the trial of the sci. fa. But nothing can be inquired into there but the amount of the certificate, which has been settled by a jury, and is a debt of record. Can we proceed with our sci. fa. when it may be set aside on this proceeding, as in Bayne v. Gaylord? The same rule prevails in replevin, under our practice of assessing the value on a verdict for defendant, for which the plaintiff is immediately liable. Security is always given there.

*April* 30. SERGEANT, J.—As this case now stands, the plaintiff has a judgment against him, and also a certificate by the jury, under the defalcation act of 1805, of a debt due by him to the defendant. From the effects of both these he seeks to be relieved in this court, and therefore it seems right that he should give security as to both. The certificate, it is true, is not a judgment, but it would be as conclusive as a judgment in a scire facias sued out upon it, and this proceeding in error, if duly taken, though it might not stay the scire facias, would supersede an execution on the judgment upon it. The language of the act of 26th July, 1842, does not interfere with this construction, and we think it is entirely consonant with its spirit.

Rule absolute.